UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| DERRICK D. DAVIS, )  )  Plaintiff, )  )  v. )  )  ELIZABETH PEZZETTI et al., )  )  Defendants. )  ) | Case No. 1:05-cv-381  Honorable Gordon J. Quist |

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has been ordered to pay the initial partial filing fee when funds become available. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) ("PLRA"), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint because both Defendants are entitled to absolute immunity.

**Discussion**

    I.       Factual Allegations

Plaintiff Derrick Davis presently is incarcerated with the Michigan Department of Corrections and housed at Camp Branch in Coldwater, Michigan. He currently is serving a term of one to fifteen years, imposed by the Oakland County Circuit Court on December 12, 1996, after Petitioner pleaded guilty as a second felony offender to one count of assault with intent to inflict great bodily harm less than death, MICH. COMP. LAWS § 750.84. Plaintiff sues Oakland County Circuit Court Judge Elizabeth Pezzetti and Family Independence Agency Case Worker (Unknown) Wise.

Plaintiff asserts that on December 13, 2004, he belatedly was given notice by the Oakland County Circuit Court of its decision to take his five children into custody from their mother and grandmother, a decision ostensibly made after an initial hearing on November 24, 2004. Plaintiff immediately advised the court of his intention to seek custody and sought the appointment of counsel. The court, however, denied counsel, advising Petitioner that he was not a respondent in the case. Plaintiff was advised that, should he be named as a respondent, he would be notified of his right to request court-appointed representation. The court also informed him that it would not entertain a motion for custody filed by an incarcerated person. Plaintiff does not allege that any action to terminate his parental rights has been initiated.

Plaintiff alleges that Defendant Pezzetti lied to him about his not being a respondent in the case and in refusing to appoint counsel, purportedly in violation of his right to due process and the judicial canons of ethics. He further alleges that Defendant Wise made false representations of fact that formed the basis for Defendant Pezzetti's determination that he was not entitled to custody.

### II.   Immunity

Plaintiff asserts that Judge Pezzetti is liable to him for damages for making misrepresentations about his interest in the case, failing to provide him timely notice of the proceedings, refusing to appoint counsel, and otherwise interfering with his parental relationship and custody of his children.  Generally, a judge is absolutely immune from a suit for monetary damages. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) ("[I]t is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of person consequences to himself.") (quoting *Bradley v. Fisher*, 13 Wall. 335, 347 (1872)); *Barrett v. Harrington*, 130 F.3d 246, 254 (6th Cir. 1997); *Barnes v, Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997).  Absolute judicial immunity may be overcome in only two instances.  First, a judge is not immune from liability for non-judicial actions, i.e., actions not taken in the judge's judicial capacity.  *Mireles*, 502 U.S. at 11. Second, a judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction.  *Id.* at 12.

Plaintiff's allegations against Judge Pezzetti clearly fail to implicate either of the exceptions to judicial immunity.  There is no doubt that adjudicating the custodial placement of Plaintiff's children was a judicial act and that Judge Pezzetti was acting within her jurisdiction. Accordingly, Judge Pezzetti is absolutely immune from liability.  Because Judge Pezzetti is clearly immune from liability in this case, Plaintiff may not maintain an action for monetary damages against her.  28 U.S.C. §§ 1915(e)(2)(B)(iii), 1915A(b)(2).

Plaintiff also alleges that Defendant Wise made false representations to the state court in seeking to remove Plaintiff's children from the home of their mother and grandmother.  Absolute

witness immunity bars a claim that is based on a defendant testifying in a prior judicial proceeding. *Spurlock v. Satterfield*, 167 F.3d 995, 1001 (6th Cir. 1999) ("It is well-settled that witnesses are granted absolute immunity from suit for all testimony provided in judicial proceedings."); *accord Hinchman v. Moore*, 312 F.3d 198, 205 (6th Cir. 2002). "Immunity regarding testimony, however, does not 'relate backwards' to events that transpired prior to testifying, even if they are related to subsequent testimony." *Hinchman*, 312 F.3d at 205 (citing *Spurlock*, 167 F.3d at 1001). As a result, to the extent Plaintiff seeks to challenge Defendant Wise's representations made in a state court proceeding, his damages claim is barred by absolute witness immunity.

Arguably, Plaintiff also seeks to challenge the representations made by Wise in the petition she filed in the Oakland County Circuit Court asking the court to take temporary custody of Petitioner's children. The Sixth Circuit squarely has held that social workers filing juvenile abuse petitions are entitled to absolute immunity in the performance of their prosecutorial functions. *Salyer v. Patrick*, 874 F.2d 374, 378 (6th Cir. 1989) (citing *Butz v. Economou*, 438 U.S. 478 (1978) (extending prosecutorial immunity to administrative officials performing prosecutorial actions)). While a social worker is not entitled to absolute immunity for every action taken during a child abuse investigation, *see Achterhof v. Selvaggio*, 886 F.2d 826 (6th Cir. 1989), she is entitled to such immunity in the bringing of a petition for custody. *Id.* at 830; *Salyer*, 874 F.2d at 378. *See also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993) (emphasizing that, in determining absolute immunity, courts looks to "'the nature of the function performed, not the identity of the actor who performed it.'") (quoting *Forrester v. White*, 484 U.S. 219, 229 (1988)). Here, Plaintiff's allegations are directed solely to the representations made by Wise to the state court, either in the petition itself or in testimony in the courtroom. Wise therefore is entitled to absolute immunity for her actions.

**Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's claim should be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b) because Defendants are entitled to absolute immunity from Plaintiff's action seeking monetary damages.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $255 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:  December 22, 2005              /s/ Gordon J. Quist
                                     GORDON J. QUIST
                                UNITED STATES DISTRICT JUDGE